**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

**Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

**MOTION INFORMATION STATEMENT**

**Docket Number(s):** 26-2064

Caption [use short title]: United States v. Thomas

**Motion for:** removal from XAC, or alternatively, for extension of time

Set forth below precise, complete statement of relief sought:

Defendant-Appellee seeks removal from the XAC, or, in the alternative, a nineteen-day extension of time to respond to Plaintiff-Appellant's brief.

**MOVING PARTY:** Stephanie Thomas

**OPPOSING PARTY:** United States

☐ Plaintiff ☐ Defendant

☐ Appellant/Petitioner ☒ Appellee/Respondent

**MOVING ATTORNEY:** Michael Rondon

**OPPOSING ATTORNEY:** David Goldman

[name of attorney, with firm, address, phone number and e-mail]

| Moving Attorney | Opposing Attorney |
|---|---|
| Michael Rondon, Connecticut Office of the Attorney General | U.S. Attorney, Appellate Section |
| 165 Capitol Avenue, Hartford CT 06105 | Ben Franklin Station 3718, P.O. Box 14403, Washington, DC 20044 |
| 860-808-5020; Michael.Rondon@ct.gov | 202-616-9405; David.Goldman@usdoj.gov |

Court- Judge/ Agency appealed from: United States District Court for the District of Connecticut - Judge Kari A. Dooley

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☒ Yes ☐ No (explain):

Opposing counsel's position on motion:
☐ Unopposed ☒ Opposed ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes ☐ No ☒ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below? ☐ Yes ☐ No

Has this relief been previously sought in this court? ☐ Yes ☒ No

Requested return date and explanation of emergency:

Is the oral argument on motion requested? ☐ Yes ☒ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set? ☐ Yes ☒ No If yes, enter date:

**Signature of Moving Attorney:**

*/s/ Michael Rondon* **Date:** Sept. 8, 2026 Service : ☒ Electronic ☐ Other [Attach proof of service]

**Form T-1080** (rev. 10-23)

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES<br>OF AMERICA<br>*Plaintiff-Appellant*,<br>v. | :<br>:<br>:<br>:<br>: | NO. 26-2064 |
| STEPHANIE THOMAS, *et al.*,<br>*Defendants-Appellees*. | :<br>: | SEPTEMBER 8, 2026 |

**Defendant-Appellee's Memorandum in Support of its Motion for Removal from Expedited Appeals Calendar or, Alternatively, for Extension of Time**

Pursuant to Rule 27 of the Federal Rules of Appellate Procedure and Rules 31.2(b), 31.2(c), and 27(f) of the Local Rules of Appellate Procedure for the United States Court of Appeals for the Second Circuit, Defendant-Appellee, Stephanie Thomas, Secretary of the State of Connecticut, moves for removal from the Expedited Appeals Calendar ("XAC"), or alternatively, for a nineteen-day extension of time to file her brief, which is currently due on October 29, 2026. *See* ECF No. 50.

If the Court grants the motion for removal from the XAC, the proposed modified deadline would be ninety-one days after Plaintiff-Appellant submits its brief. *See* L.R. App. Proc. 31.2(b)(2). Alternatively, if the Court grants the motion for an extension of time,

the proposed modified deadline would be November 16. Intervenor-Appellees Common Cause and Claire Ewing consent. Intervenor-Appellees SIEU District 1119NE, Connecticut Alliance for Retired Americans, Connecticut Citizen Action Group, and Bette Marafino take no position. Plaintiff-Appellant objects, but did not indicate whether it intends to file a response. This is the Secretary's first motion for removal or for extension of time.

Relief is necessary because the Secretary's current deadline is just three business days before the upcoming federal, state, and local elections on November 3. That timing presents good cause for removal from the XAC under Local Rule 31.2(b)(2) and an extraordinary circumstance warranting additional time under Local Rules 31.2(c) and 27.1(f). This is because the weeks leading up to an election, election day itself, and the days following an election are extremely busy times for the Secretary—Connecticut's chief election official, Conn. Gen. Stat. § 9-3—her staff, and the team of attorneys who represent her on election matters from within the Special Litigation Section of the Office of the Attorney General. The elections team coordinates with the Secretary and other state agencies to preemptively mitigate any possible election

disruption and to allow prompt legal intervention, as needed. Often, the pre- and post-election challenges it must appear in are time-sensitive.

To date, preparations for the upcoming November 3 elections have required a substantial time commitment and counsel reasonably expect those efforts to increase in the coming weeks. For instance, the elections team is currently representing the state as part of a coalition challenging the United States Postal Service's new rule purportedly permitting it to regulate mail-in voting ballots. *See State of California et al. v. United States Postal Service et al.*, Nos. 26-1987, 26-1991; *State of California et al. v. United States Postal Service et al.*, No. 1:26-cv-13917. It is further defending against challenges by litigants seeking to appear on the ballot for federal or state office, which counsel expect to be appealed. *See, e.g.*, *Whitnum v. Thomas*, Docket No. NNH-CV-26-5067799-S. The elections team also anticipates that several other state and local election challenges will arise between early-September and mid-November based on historical trends and current reporting, which will require the Secretary to appear and will demand that the elections team provide legal advice. Those challenges, many of which will likely

be appealed, require prompt resolution by statute. *See* Conn. Gen. Stat. § 9-323, *et al.* Recently, the Department of Homeland Security has also indicated that it intends to launch a "surge" in election-related investigations in nine states, including Connecticut.[1] Counsel expect they may be called on to give legal advice and/or appear in court on short notice in response to any resulting investigative demands.

Apart from litigation, the elections team is also devoting significant resources to intrastate coordination between state agencies to ensure a safe and secure election. These efforts have been more intensive than usual following the federal government's decision to substantially reduce staffing and funding for the Cybersecurity and Infrastructure Security Agency, which had historically partnered with states to protect against election threats.[2] Members of the elections

---

[1] *See* Priscilla Alvarez, et al., *Exclusive: DHS plans to launch voter fraud investigation surge Tuesday*, CNN (Aug. 31, 2026), https://www.cnn.com/2026/08/31/politics/homeland-security-voter-fraud-investigations.

[2] *See* Dion Nissenbaum, *'I don't trust you': Tensions reach boiling point on election security call for state leaders hosted by Trump administration*, Votebeat (Aug. 17, 2026), https://www.votebeat.org/national/2026/08/17/trump-cisa-election-security-call-fontes-cybersecurity/; Tierney Sneed, Sean Lyngaas, Evan Perez, *Trump admin tries to rebuild election security infrastructure it gutted as*

team, including one of the undersigned counsel, are also traveling to an out-of-state conference in order to further prepare for administration of and litigation related to the upcoming election.

Assistant Attorneys General Michael Rondon, Blake Sullivan, and Elizabeth Lewis are members of the elections team, and will be filing a brief on behalf of Defendant-Appellee, in addition to managing these other responsibilities that will help ensure the orderly administration of the upcoming election and the prompt resolution of any potential challenges. Additional time is necessary to ensure that counsel, the Secretary, and her staff will have adequate resources to address the issues presented in this appeal. This is especially true given the number of issues likely to arise in briefing, the volume of related cases around the country that the Secretary and counsel must familiarize themselves with, and the significance of the outcome, which has serious implications for the rights of Connecticut residents. Counsel also have several other matters with pending deadlines that fall close to the original October 29 deadline. *E.g.*, *Torres v. Carrion*, 25-cv-67-OAW

*midterms near*, CNN (Jul. 31, 2026), https://www.cnn.com/2026/07/31/politics/trump-admin-rebuild-election-security-months-after-gutting-it.

(summary judgment due October 26); *Stanley v. Keane*, AC 49934 (appellate brief due November 11); *Stanley v. Finucane*, AC 49933 (same); *Stanley v. Scott*, AC 49920 (same); *Stanley v. Macierowski*, AC 49937 (same).

Plaintiff-Appellant will not suffer any material prejudice from the delay. Upon removal from the XAC, Plaintiff-Appellant would also receive the benefit of additional time. *See* L.R. App. Proc. 31.2(b)(2) ("If the court grants the motion, briefing will proceed under (a)(1) to (3).").

Moreover, this appeal does not inherently require prompt resolution. Although it is an election-related lawsuit, it concerns general election administration and registration activities that take place throughout the year. It is not a time-sensitive election contest in which the Court is being asked to determine the outcome of a particular race in order to fill a vacancy. Even according to the federal government's own estimates, it appears unlikely that anything in the voter registration lists at issue would have a material impact on the upcoming election.[3]

---

[3] For instance, out of a reported 1.86 million voters in Connecticut in the November 2020 election, the U.S. Census Bureau recently

Also, this appeal almost certainly will not be resolved in time for the upcoming November 3 election regardless of whether the Secretary files her brief on October 29. Even if Plaintiff-Appellant prevailed, it would do so well after November 3—there is no reasonable scenario by which Plaintiff-Appellant would gain access to the voter registration lists at issue in this appeal before the upcoming election.

Finally, this is not the type of appeal that is traditionally suited for expedited briefing. In the normal course, the Secretary would have ninety-one days in which to submit a brief. *See* L.R. App. Proc.

---

estimated that 300 noncitizens may have voted (0.016%). *See* U.S. Census Bureau, *Noncitizen Voting in the 2020 Election, A Beginning Analysis* (Aug. 18, 2026) (linked PDF), https://www.census.gov/library/publications/2026/dir/noncitizen-voting-in-the-2020-election.html.

But even these estimates are apparently questionable. *See, e.g.*, Hansi Lo Wang, et al., *Experts raise alarms over Census Bureau report Trump is touting on noncitizen voting*, NPR (Aug. 20, 2026) (criticizing methodology and conclusions), https://www.npr.org/2026/08/19/nx-s1-5938799/trump-census-bureau-noncitizen-voting. And other estimates from the federal government have appeared to contain inaccuracies after scrutiny. As one recent example, the Department of Homeland Security stated that it had identified just 185 potential noncitizen registered voters in Nevada—down from an early estimate of 15,903. *See* Nick Corasaniti, *Homeland Security Made a Big Claim About Noncitizen Voting. Now It Can't Prove It*, N.Y. Times (Aug. 20, 2026), https://www.nytimes.com/2026/08/20/us/politics/trump-nevada-voter-election-fraud.html.

31.2(a)(1)(B). Because this appeal was placed on the XAC, however, she only has thirty-five days to do so. *See id.* 31.2(b)(3). Generally, this speed is warranted because of the nature of the issues involved. "The Second Circuit designed the XAC to speed the disposition of appeals from threshold dismissals by district courts in the aftermath of the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, and *Ashcroft v. Iqbal*." Hon. J. Newman, *The Second Circuit's Expedited Appeals Calendar for Threshold Dismissals*, 80 Brooklyn L. Rev. 429, 429 (2005) (cleaned up); *see also Irrera v. Humpherys*, 859 F.3d 196, 197 n.2 (2d Cir. 2017) (stating that XAC procedures were adopted "in the aftermath of [*Twombly*] and [*Iqbal*]") (cleaned up)). But this appeal does not primarily involve the plausibility of the allegations in a complaint. Rather, it mainly concerns the interaction of three federal statutory schemes—Title III of the Civil Rights Act of 1960 ("Title III"), 52 U.S.C. § 20701, et seq., the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20501, et seq., and the Help America Vote Act ("HAVA"), 52 U.S.C. § 20901, et seq.—along with Connecticut's own voter registration laws. Additionally, although the District Court—like many other courts around the country—dismissed the action on the

ground "that Connecticut's [Statewide Voter Registration List] does not fall within the scope of Title III," the court acknowledged that it did not reach "the myriad of other issues raised by the parties." Order at 5, ECF No. 109 (Jul. 17, 2026). These other issues—which include, for example, whether Plaintiff-Appellant's demand is subject to summary enforcement, whether Plaintiff-Appellant complied with the requirements of Title III, and whether Plaintiff-Appellant's requested relief is barred by federal and state privacy laws—are likely to arise on appeal and are no better suited for expedited briefing.

The Secretary respectfully submits that the above constitutes good cause warranting removal from the XAC, or alternatively, extraordinary circumstances warranting an extension of time to submit a brief in this matter until November 16, 2026.

Respectfully submitted,

DEFENDANT-APPELLEE,
SECRETARY STEPHANIE
THOMAS

WILLIAM TONG
ATTORNEY GENERAL

BY: _/s/ Michael Rondon_
Michael Rondon (ct31022)
Blake T. Sullivan (ct30289)
Elizabeht Lewis (ct32141)
Assistant Attorneys General
Attorney General's Office
165 Capitol Avenue
Hartford, CT 06106
860-808-5020 (phone)
860-808-5347 (fax)
Michael.Rondon@ct.gov
Blake.Sullivan@ct.gov
Elizabeth.Lewis@ct.gov

## CERTIFICATION OF SERVICE

I hereby certify that on September 8, 2026, I caused the foregoing to be filed electronically with the Clerk of the Court for the United States Court of Appeals for the Second Circuit by using the appellate CM/ECF/ACMS system. I certify that all participants in the case are registered CM/ECF/ACMS users and that service will be accomplished by the appellate CM/ECF/ACMS system.

/s/ *Michael Rondon*

Michael Rondon
Assistant Attorney General